# EXHIBIT 1

## IN THE CIRCUIT COURT OF SEARCY COUNTY, ARKANSAS
### CIVIL DIVISION

John "Jay" Myatt                                                                          **PLAINTIFF**

VS.                                          **NO. 16 CV- 17-52**

Smith & Nephew, Inc.                                                                 **Defendant**

### COMPLAINT

### JURISDICTION AND VENUE

1.     The Circuit Court of Searcy County, Arkansas has jurisdiction of

this case because of the fact the Plaintiff is seeking damages against the

Defendant in this civil proceeding thereby giving this Court jurisdiction under

Ark. Const. Art. 7 § 11 and Ark. Code Ann. § 16-13-201.

2.     The venue for this action is in Searcy County, Arkansas pursuant

to the provisions of Ark. Code Ann. § 16-55-213 (Civil Justice Reform Act of

2003).

### PARTIES

3.     Plaintiff, John Myatt, is a resident of the State of Arkansas in

Searcy County.

4.     Defendant, Smith & Nephew, Inc., is authorized to do business

within the State of Arkansas.  Smith & Nephew, Inc. is a corporation organized

and existing under the laws of the state of Delaware, and its principal place of

business located at 1450 Brooks Road, Memphis, Tennessee. The Agent of

Service for Smith & Nephew, Inc. in Arkansas is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas, 72201.

## FACTUAL BACKGROUND AND ALLEGATIONS COMMON TO ALL COUNTS

5.     Plaintiff suffered from extensive hip injuries in 2004 due to a motor vehicle incident.

6.     In April of 2004, Plaintiff underwent a total hip replacement at Washington Regional Medical Center in Fayetteville, Arkansas. Dr. W. Duke Harris performed the surgery and replaced Plaintiffs hip with a prosthetic hip made by the Defendant.

7.     A full hip replacement prosthesis consist of an acetabular cup/shell, a liner, a femoral head, a stem, and other components (hereafter "hardware"). Plaintiff's hip prosthesis consisted of hardware manufactured by the Defendant.

8.     On June 30, 2016, Plaintiff was walking towards his vehicle when he felt a jolt and heard a loud pop. His leg went numb and he observed that his leg would not hold him up, so several nearby people had to help him stay upright until an ambulance could arrive.

9.     The Plaintiff was taken to the Ozark Health Medical Center where Doctor Chad Simpson noted that the femoral neck portion of the hip prosthesis had fractured.

2

10.   Dr. Simpson specifically noted that his impression of the injury stemmed from a "failed prosthesis."

11.   Plaintiff was then transferred to St. Vincent Infirmary Medical Center with the diagnosis of broken internal right hip prosthesis.

12.   On July 1, 2016, Plaintiff underwent surgery to repair his broken hip prosthesis. Dr. Gordon Newbern performed the surgery; he replaced several parts of the failed hip prosthetic and implanted several new cables and screws into his hip bones for stability.

13.   On April 26, 2017, Plaintiff had to undergo another surgery at St. Vincent Infirmary Medical Center for the removal of his prosthetic hip due to an infection. Dr. Newbern performed a removal and replacement of a part of the Plaintiff's prosthetic hip.

### COUNT 1

14.   As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the paragraphs No. 1 through 13, inclusive, as a part of this count.

15.   Defendant was guilty of negligence, which was a proximate cause of the injuries and damages sustained by Plaintiff.

16.   Defendant failed to use ordinary care in supplying to their customers

the specific prosthetic hip put in Plaintiff.

17.   Defendant breached the duty owed to Plaintiff, and said negligence was a deviation from the standard of care for the manufacturer under these circumstances.

18.   Defendant negligently failed to properly inspect and maintain in good condition the prosthetic hip it provided to Plaintiff, in that Defendant failed to possess and apply with reasonable care the degree of skill and learning ordinarily possessed and used by manufacturers of hip replacement products.

19.   Defendant was otherwise guilty of negligence which will be more particularly described during the course of the litigation.

## COUNT II

20.   As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the paragraphs No. 1 through 19, inclusive, as a part of this count.

21.   Defendant, at all times mentioned in this complaint, is in the business of designing, manufacturing, constructing, assembling, inspecting, and selling prosthetic hip hardware, including the hardware that gave rise to the injuries in this case.

22.   Plaintiff contends that Defendant was engaged in the business of manufacturing, assembling, selling prosthetic hips and that the hardware in

4

question was supplied by Defendant in a defective condition which rendered it unreasonably dangerous and that the defective condition was a proximate cause of the Plaintiff's damages.  Plaintiff contends Defendant is strictly liable to the Plaintiff.

## COUNT III

23.    As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the paragraphs No. 1 through 22, inclusive, as a part of this count.

24.    Plaintiff contends that Defendant impliedly warranted that the prosthetic hip hardware at issue was merchantable at the time it was sold to Plaintiff by Defendant. Plaintiff contends there was a breach of the implied warranty of merchantability. The prosthetic hip hardware was not fit for the ordinary purpose for which it was used and it was not adequately constructed and did not conform to the promises and affirmations of the Defendant. Plaintiff contends that Defendant breached the warranty of merchantability in that he sustained damages as a result of the hardware sold to Plaintiff by Defendant, which was not merchantable and the unmerchantable condition was a proximate cause of Plaintiff's damages.  Plaintiff  was a person whom Defendant would reasonably expect to use, and be affected by the prosthetic hip.  Plaintiff gave reasonable notice to the Defendant of the breach within a

5

reasonable period of time but the Defendant failed to cure the breach.

## COUNT IV

25.    As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the paragraphs No. 1 through 24, inclusive, as a part of this count.

26.    Plaintiff claims damages from Defendant on the ground that the prosthetic hip was not fit for the particular purpose for which it was intended. Defendant, at the time of the sale of the prosthetic hip by Defendant to Plaintiff, had reason to know the particular purpose for which the prosthetic hip was required. Defendant knew Plaintiff was relying upon Defendant's skill and judgment to select and furnish a suitable prosthetic hip. The prosthetic hip was not fit for the particular purpose for which it was required and this unfitness was a proximate cause of the Plaintiff's damages. Plaintiff was a person whom Defendant would reasonably have expected to use, and be affected by the prosthetic hip.

## COUNT V

27.    As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the paragraphs No. 1 through 26, inclusive, as a part of this count.

28.   Plaintiff claims damage from Defendant on the ground that Defendant made and breached certain express warranties concerning the prosthetic hip. Plaintiff contends the express warranties were created by a contract executed between the parties when Plaintiff purchased the prosthetic hip. The prosthetic hip delivered to Plaintiff did not conform to the express warranties created. The failure of the prosthetic hip to conform to the express warranties was the proximate cause of Plaintiff's damages and Plaintiff was a person whom Defendant might reasonably expect to use, and be affected by the prosthetic hip.

## DAMAGES

29.   Plaintiff sustained injuries and damages, which injuries and damages consist of, but are not limited to, the following, viz.:

a.   Partial permanent impairment.

b.   Past and future medical expense.

c.   Past and future pain and suffering.

d.   Past and future mental anguish.

e.   Loss of ability to earn in the future.

f.   Past and future wage loss.

g.   Scars, disfigurement and other visible results of his injuries.

h.   Other damages that will be more particularly described during the

7

course of the litigation.

30.    Plaintiff makes a demand against the Defendant, jointly and severally, for a sum in excess of $75,000.00 together with pre-judgment interest, attorney's fees, costs and all other relief to which the Plaintiff may be entitled.

## JURY DEMAND

31.    Plaintiff, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, demands a jury trial on all factual issues as to Defendant.

John "Jay" Myatt, PLAINTIFF

By: _____

DAVID A. HODGES
Attorney at Law
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
Arkansas Bar No. 65021
Telephone: 501-374-2400
Facsimile:   501-374-8926
E-Mail:david@hodgeslaw.com

**IN THE CIRCUIT COURT OF SEARCY COUNTY, ARKANSAS**
**CIVIL DIVISION**

JOHN "JAY" MYATT                                                    **PLAINTIFF**

VS.                                 NO. 19 CV- 17-52

SMITH & NEPHEW, INC.                                               **DEFENDANT**

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

The Corporation Company
Agent for Service for Smith & Nephews, Inc.
124 West Capitol Avenue, Suite 1900
Little Rock, AR 72201

A lawsuit has been filed against you. The relief demanded is stated in the attached
complaint. Within 30 days after service of this summons on you (not counting the day
you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other
correctional facility in Arkansas — you must file with the clerk of this court a written
answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil
Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose
name and address are: David Hodges
Attorney at Law,
212 Center Street, 5th Floor
Little Rock, AR 72201
If you fail to respond within the applicable time period, judgment by default may be
entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office
Debbie Loggins
Searcy County Circuit Clerk
Courthouse
200 S. Highway 27
Marshall, AR 72650



_[Signature of ~~Clerk or~~ Deputy Clerk]_

Date: ___10/10/17___

[SEAL]

**No.** _____ **This summons is for** _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____ _____ [place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____ [address] with _____ [name], a person at least 14 years of age who resides there, on _____ [date]; or

☐ I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

# IN THE CIRCUIT COURT OF SEARCY COUNTY, ARKANSAS
## CIVIL DIVISION

JOHN "JAY" MYATT                                                          PLAINTIFF

VS.                                    NO. 65-CV-17-52

SMITH & NEPHEW, INC.                                                     DEFENDANT

### AFFIDAVIT OF SERVICE

State of Arkansas          )
                           ) ss.
County of Pulaski          )

    I, David Hodges, Attorney at Law, do hereby certify that I sent by

certified mail, return receipt requested, restricted delivery, a copy of the

Summons and Complaint in this action to:

    The Corporation Company
    Registered Agent for Service of Process for Smith & Nephew, Inc.
    124 W. Capitol Ave., Suite 1900
    Little Rock, AR 72201

    Attached as Exhibit A is a copy of the letter sent to said individual

dated October 24, 2017. Service of process as outlined above is indicated

by a return receipt, attached hereto as Exhibit B.



DAVID HODGES

## ACKNOWLEDGMENT

State of Arkansas          )
                           ) ss.
County of Pulaski          )

     Subscribed and sworn to before me this 2nd day of November, 2017.


*Edwina Keith*
Edwina Keith, Notary Public


My Commission Expires:

    11/24/2016

(Seal)
OFFICIAL SEAL
EDWINA KEITH
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires 11/24/2026
Commission No. 12699392

2

# David A. Hodges

**Attorney at Law**

Centre Place - Fifth Floor
212 Center Street
Little Rock, Arkansas 72201-2429

Telephone:     501-374-2400
Facsimile:     501-374-8926
Toll Free:     1-800-642-8082

Website: www.hodgeslaw.com
Writer's e-mail
david@hodgeslaw.com

October 24, 2017

Via Certified Mail No.
7017 0190 0000 8651 3600
Return Receipt Requested
Restricted Delivery

The Corporation Company
Registered Agent for Smith & Nephew, Inc.
124 West Capitol Avenue, Suite 1900
Little Rock, AR 72201

Re:   John "Jay" Myatt v. Smith & Nephew, Inc.
      Searcy County Circuit Court No. 65-CV-17-52

Dear Sir or Madam:

Enclosed herewith please find a copy of a Summons with attached Complaint which has been filed in the above captioned matter. Please read over these documents very carefully. You will see that the defendant has thirty (30) days from date of this service upon you within which to file an answer or other responsive pleading.

With warmest and best personal regards, I am,

Sincerely yours,

David Hodges

DAVID HODGES

DH/emk/037
Enclosure

**EXHIBIT A**

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X T CORPORATION    ☐ Agent   ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery<br>OCT 26 2017 |
| The Corporation Company<br>124 W. Capitol Ave., Ste. 1900<br>Little Rock, AR 72201 | D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |

9590 9402 3200 7166 1721 28

7017 0190 0000 8651 3600

| 3. Service Type | |
|---|---|
| ☐ Adult Signature | ☐ Priority Mail Express® |
| ☐ Adult Signature Restricted Delivery | ☐ Registered Mail™ |
| ☐ Certified Mail® | ☐ Registered Mail Restricted Delivery |
| ☐ Certified Mail Restricted Delivery | ☐ Return Receipt for Merchandise |
| ☐ Collect on Delivery | ☐ Signature Confirmation™ |
| ☐ Collect on Delivery Restricted Delivery | ☐ Signature Confirmation Restricted Delivery |
| ☐ Insured Mail | |
| ☐ Insured Mail Restricted Delivery (over $500) | |

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

**EXHIBIT B**